NEW YORK CENTRAL RAILROAD COMPANY *v.* SAVERY, CONSTRUCTION COMMISSIONER ET AL.

[No. 12,961.    Filed March 31, 1927.    Rehearing denied June 10, 1927.]

DRAINS.—*Railroad could not recover from construction commissioner expense incurred in removing bridge to permit dredge boat to cross its right of way in constructing drain.*—A railroad company cannot recover from the commissioner in charge of the construction of a drain the expense of removing and replacing a railroad bridge in order to permit a dredge boat to be used in constructing the drain across its right of way where the court, in ordering the construction of the drain, provided that, in the construction of the drain across the right of way, a "dry-land" dredge should be used and that the railroad company should not be required to open its track or remove any bridge for the purpose of letting a dredge boat pass through its right of way, as the order and judgment of the court fixed the rights and liabilities of the parties.

From Starke Circuit Court; *W. C. Pentecost,* Judge.

Claim of the New York Central Railroad Company against Lafred A. Savery, construction commissioner for the construction of a ditch crossing the right of way, for the expense of removing and replacing a bridge in order to permit a dredge boat used in constructing the ditch to cross the right of way.    From a judgment

disallowing the claim, the railroad company appeals. *Affirmed.* By the court in banc.

*Charles Hamilton Peters,* for appellant.
*William J. Reed,* for appellee.

NICHOLS, J.—This is an appeal from the disallowance of a claim for expense incurred in removing a bridge in a drainage proceeding. It appears by the special findings that the petition was filed for drainage in the Starke Circuit Court, the petition was referred to the viewers, and a favorable report made.

On November 5, 1917, the cause was heard upon the petition, report of the viewers, and remonstrance of appellant, and the court found against appellant on its remonstrance and found that the assessment against its right of way in the sum of $100, as reported by the commissioners, should remain the same as set out in the report, and that appellant should excavate across its right of way to conform to the grade, plans and specifications as reported, at its expense, with the exception that all that part of the drainage south and east of appellant's north right of way line should be constructed with what is known as a "dry-land" dredge, and that appellant should not be compelled, under any condition, to open up its track or right of way, or to remove a bridge or culvert for the purpose of permitting a dredge boat to pass through its right of way, but that the dredge used in the construction of said ditch should pass over the tracks of the right of way, the same to be moved over the tracks and the right of way at the expense of the contractor without any additional expense to appellant excepting the construction of a ditch across its right of way for the dredge while coming up to the tracks from the south and east to construct the ditch on the right of way as far as possible without in any manner disturbing the tracks, bridges or sewers, as a

part of the cost of construction, the same to be done under the direction of appellant's foreman.

The contract for the construction of said ditch was let to Mellie Lane, who sublet to Frank Yoder.

Prior to the establishment of said ditch, and to the construction thereof, there was a railroad bridge at the point where the proposed ditch crossed appellant's right of way, and appellant removed said bridge and permitted the dredge boat to excavate across its right of way according to the plans and specifications of the ditch, and then replaced and rebuilt the bridge over the ditch for the purpose of operating its trains, at a total expense to appellant of $514.74. Appellant paid the expenses of removing and replacing the bridge over the ditch on its right of way, and has never been reimbursed by the contractor or anyone else.

The construction commissioner appointed superintendent of the construction of the drainage established, had no contract or agreement, directly or indirectly, with appellant, relative to the removal of and the rebuilding of the bridge across the ditch when constructed, and had no contract or agreement with appellant to remove the old bridge and replace the same or construct a new bridge.

On these findings, the court stated its conclusion of law that appellant's claim should be disallowed, and entered judgment accordingly. To state the case is to decide it. There was no contract with appellant to remove the bridge, not even a finding of a request so to do.

Even if there had been a contract with the superintendent to remove the bridge, it could not have been enforced. The order and judgment of the court fixed the rights and liabilities of the parties.

Judgment affirmed.

Dausman, J., absent.